UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK LEE DEARWESTER,<br><br>    Plaintiff,<br><br>    v.<br><br>SACRAMENTO COUNTY SHERIFF'S DEPARTMENT et al.,<br><br>    Defendants. | No. 2:13-cv-2064 MCE DAD P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se with a civil rights action seeking relief under 42 U.S.C. § 1983. This matter is before the court on a motion to dismiss brought on behalf of defendant County of Sacramento. Plaintiff has filed an opposition to the motion, and defendant has filed a reply.

**BACKGROUND**

Plaintiff is proceeding on his original complaint against defendant County of Sacramento. Therein plaintiff alleges that a Sacramento County Sheriff's Department policy that limited his incoming mail at the Sacramento County Jail only to postcards, violated his rights under the First Amendment. Pursuant to the policy, a copy of which is attached to plaintiff's complaint, all incoming jail inmate mail, with the exception of legal mail and other approved correspondence,

/////

was limited by the defendant to postcards no larger than six inches by four and one-half inches. (Compl. at 3 & Attachs.)

**ANALYSIS**

I. Motion Pursuant to Rule 12(b)(6)

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the sufficiency of the complaint. North Star Int'l v. Arizona Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983). Dismissal of the complaint, or any claim within it, "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). See also Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984). In order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

In determining whether a pleading states a claim, the court accepts as true all material allegations in the complaint and construes those allegations, as well as the reasonable inferences that can be drawn from them, in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). In the context of a motion to dismiss, the court also resolves doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

In general, pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). The court has an obligation to construe such pleadings liberally. Bretz v. Kelman, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc). However, the court's liberal interpretation of a pro se complaint may not supply essential elements of the claim that were not pled. Ivey v. Bd. of Regents of Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982); see also Pena v. Gardner, 976 F.2d 469, 471 (9th Cir. 1992).

II. <u>Discussion</u>

Defendant has moved to dismiss this case on the grounds that: (1) plaintiff lacks standing to assert claims on behalf of third-party jail inmates or plaintiff's family and friends and because he fails to allege that he has suffered an "injury in fact" as a result of the County defendant's postcard-only mail policy at the Sacramento County Main Jail; and (2) insofar as plaintiff seeks injunctive relief, his request is now moot because plaintiff is no longer incarcerated at the Sacramento County Main Jail. (Def.'s Mot. to Dismiss at 5-8.) The court will address each of defendant's arguments in turn.

First, as to standing, a plaintiff (or the party invoking federal jurisdiction) has the burden of showing that: (1) he has suffered an "'injury in fact' – an invasion of a legally protected interest" that is "concrete and particularized" and not "conjectural or hypothetical"; (2) there is "a causal connection between the injury and the conduct complained of"; and (3) it is likely as opposed to speculative "that the injury will be redressed by a favorable decision" from the court. <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 560-61 (1992).

The court agrees with defense counsel that plaintiff may not assert legal rights on behalf of third parties, such as other inmates or his family and friends.[1] See <u>Gonzales v. Cal. Dep't of Corrs.</u>, 739 F.3d 1226, 1234 (9th Cir. 2014) ("Generally speaking, 'a litigant must assert his or her own legal rights and interests, and cannot rest a claim to relief on the legal rights or interests of third parties.'") (quoting <u>Powers v. Ohio</u>, 499 U.S. 400, 410 (1991)). However, liberally

---

[1] In plaintiff's opposition to defendant's motion to dismiss, he appears to argue that he could represent other inmates and that the case should proceed as a class action. (Pl.'s Opp'n to Def.'s Mot. to Dismiss at 2-3.) To the extent that plaintiff is requesting to present his First Amendment claim on behalf other jail inmates who were subject to the postcard-only mail policy at the main jail or is requesting class certification, that request must be denied. Plaintiff is a non-lawyer proceeding without counsel. It is well established that a pro se litigant may not appear as an attorney for others. See <u>C.E. Pope Equity Trust v. United States</u>, 818 F.2d 696, 697 (9th Cir. 1987); <u>McShane v. United States</u>, 366 F.2d 286, 288 (9th Cir. 1966). This rule becomes almost absolute where, as here, the putative class representative is incarcerated and proceeding pro se. See <u>Oxendine v. Williams</u>, 509 F.2d 1405, 1407 (4th Cir. 1975); <u>Booker v. Powers</u>, Civ. S-06-1907 MCE KJM P, 2007 WL 470922 at *2 (E.D. Cal. Feb. 9, 2007). In direct terms, plaintiff cannot "fairly and adequately protect the interests of the class" as required by Rule 23(a)(4) of the Federal Rules of Civil Procedure. Accordingly, plaintiff's request to proceed with this case as a class action is denied.

construing plaintiff's complaint as required, the court finds that plaintiff has sufficiently alleged an "injury in fact" to establish his standing to bring a First Amendment claim against the County defendant based on its postcard-only mail policy at the main jail. Specifically, in his complaint, plaintiff alleges that he was unable to have contact with his family and friends for more than three months as a result of the County defendant's postcard-only mail policy. (Compl. at 3.) In his opposition to defendant's motion to dismiss, plaintiff clarifies that these three months of no contact were of critical importance because they were the months that led immediately up to his criminal trial. (Pl.'s Opp'n to Def.'s Mot. to Dismiss at 10.)

It is well established that prisoners have "a First Amendment right to send and receive mail." Withero v. Paff, 52 F.3d 264, 265 (9th Cir. 1995). See also Nelson v. City of Los Angeles, No. CV 11-5407-PSG (JPR), 2015 WL 1931714 at *14 (C.D. Cal. Apr. 28, 2015) (denying defendant's motion to dismiss because postcard-only jail mail policy clearly implicated pretrial detainee's First Amendment right to send and receive mail); Charlton v. Umatilla County, No. 2:12-cv-01046 HU, 2013 WL 2901551 at *4 (D. Or. June 12, 2013) (denying a motion to dismiss because issues of whether a postcard-only jail mail policy violated prisoner's First Amendment rights and to what extent he was damaged, remain viable). In this regard, the County defendant may restrict an inmate's right to receive publications and other mail but only if the regulations are "reasonably related" to legitimate penological interests. See Beard v. Banks, 548 U.S. 521, 528 (2006); Witherow, 52 F.3d at 265; see also Turner v. Safley, 482 U.S. 78, 89-91 (1987) (establishing a four factor test for determining the reasonableness of a regulation).

"At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss we "presume[e] that general allegations embrace those specific facts that are necessary to support the claim." Lujan, 504 U.S. at 561. In the context of this case, the court finds that plaintiff has adequately alleged facts involving an "injury in fact." Accordingly, defendant's motion to dismiss the complaint for lack of standing should be granted only insofar as it seeks dismissal of claims plaintiff seeks to assert on behalf of third parties and denied insofar as it is based on plaintiff's failure to adequately allege the he suffered an "injury in fact" as a result of the defendant County's policy.

4

1    Turning now to plaintiff's request for injunctive relief, defense counsel argues that any
2    request for injunctive relief by plaintiff in this case has been rendered moot. The undersigned
3    agrees. When plaintiff filed his original complaint in this action, he was incarcerated at North
4    Kern State Prison. On November 12, 2013, plaintiff filed a notice of change of address informing
5    the court that he had been transferred to California State Prison, Los Angeles County. More
6    recently, on August 22, 2014, plaintiff filed another notice of change of address informing the
7    court that he had been transferred to California State Prison, Corcoran, where he remains
8    incarcerated today. Thus, it is apparent that plaintiff is no longer subject to the alleged
9    unconstitutional conditions he complains of at the Sacramento County Main Jail. See Weinstein
10   v. Bradford, 423 U.S. 147, 149 (1975); Dilley v. Gunn, 64 F.3d 1365, 1368–69 (9th Cir. 1995)
11   (An inmate's release from prison while his claims are pending generally will moot any claims for
12   injunctive relief relating to the prison's policies unless the suit has been certified as a class
13   action.") (citing Preiser v. Newkirk, 422 U.S. 395, 402–03 (1975)). Nor does plaintiff's claim fall
14   within the "capable of repetition, yet evading review" exception to the mootness doctrine. "A
15   mere speculative possibility of repetition is not is not sufficient. There must be a cognizable
16   danger, a reasonable expectation, of recurrence for the repetition branch of the mootness
17   exception to be satisfied." Williams v. Alioto, 549 F.2d 136, 143 (9th Cir. 1977). Accordingly,
18   defendant's motion to dismiss plaintiff's request for injunctive relief as having been rendered
19   moot should be granted.[2]

20   Finally, the court notes that plaintiff appears to attempt to assert a number of additional
21   claims against county jail officials in his opposition to defendant's motion to dismiss, including
22   claims under the Religious Land Use and Institutionalized Persons Act, the Sixth Amendment,
23   Eighth Amendment, and Fourteenth Amendment. (Pl.'s Opp'n to Def.'s Mot. to Dismiss at 8, 10-
24   11.) As an initial matter, an opposition to a motion to dismiss is not an appropriate place to raise
25   and argue new claims or identify new defendants. See Schneider v. Cal. Dep't of Corrs., 151

---

[2] Plaintiff has also attached a letter to his opposition from the American Civil Liberties Union, dated October 24, 2014, indicating that there is no longer an official policy restricting mail only to postcards at the Sacramento County Main Jail. (Pl.'s Opp'n to Def.'s Mot. to Dismiss, Ex. J.)

F.3d 1194, 1197 n.1 (9th Cir. 1998) ("The 'new' allegations contained in the inmates' opposition motion, however, are irrelevant for Rule 12(b)(6) purposes."). Moreover, as noted above, plaintiff's claim concerning the County defendant's postcard-only mail policy is appropriately brought under the First Amendment. See Withero, 52 F.3d at 265 (inmates have a First Amendment right to receive and send mail). In any event, plaintiff has not alleged in his complaint - or in his opposition to the pending motion to dismiss - any proper factual basis for the presentation of any additional constitutional claims. Accordingly, this case will proceed solely on plaintiff's First Amendment claim for damages.

For all of the foregoing reasons, defendant's motion to dismiss should be granted in part and denied in part, and the case should proceed solely on plaintiff's First Amendment claim for damages.

**CONCLUSION**

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Defendants' motion to dismiss (Doc. No. 20) be granted in part and denied in part as follows:

    a. Defendant's motion to dismiss plaintiff's claims asserted on behalf of third parties be granted;

    b. Defendant's motion to dismiss plaintiff's First Amendment claim for failure to allege an "injury in fact" be denied;

    c. Defendant's motion to dismiss plaintiff's request for injunctive relief as having been rendered moot be granted; and

2. Defendant be directed to file an answer to plaintiff's First Amendment claim for damages based on the postcard-only mail policy at the Sacramento County Main Jail within thirty days of any order adopting these findings and recommendations.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned

1   "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the
2   objections shall be filed and served within seven days after service of the objections.  The parties
3   are advised that failure to file objections within the specified time may waive the right to appeal
4   the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
5   Dated:  June 11, 2015

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
dear2064.57