UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK LEE DEARWESTER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SACRAMENTO COUNTY SHERIFF'S DEPARTMENT,<br><br>　　　　　Defendant. | No. 2:13-cv-2064 MCE KJN P (TEMP)<br><br><br>ORDER |

Plaintiff is a state prisoner, proceeding pro se and in forma pauperis. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. Pending before the court is defendant's motion to compel and plaintiff's motion to compel. Below, the court will address each motion in turn.

**BACKGROUND**

Plaintiff is proceeding on his original complaint against defendant County of Sacramento. Therein plaintiff alleges that, pursuant to a Sacramento County Sheriff's Department policy, all incoming inmate mail, with the exception of legal mail and other approved correspondence, is limited to postcards no larger than six inches by four and one-half inches. Plaintiff claims that the policy, a copy of which is attached to plaintiff's complaint, violates his rights under the First Amendment. (Compl. at 3 & Attachs.)

/////

**APPLICABLE LEGAL STANDARDS**

Under Rule 26 of the Federal Rules of Civil Procedure:

> Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b).

With respect to interrogatories, a party may propound interrogatories that "relate to any matter that may be inquired into under Federal Rule of Civil Procedure 26(b)." Fed. R. Civ. P. 33(a)(2). With respect to requests for production, a party may propound requests for production of documents that are "within the scope of Federal Rule of Civil Procedure 26(b)." Fed. R. Civ. P. 34(a).

Under Rule 37 of the Federal Rules of Civil Procedure, "a party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B). The court may order a party to provide further responses to "an evasive or incomplete disclosure, answer, or response." Fed. R. Civ. P. 37(a)(4). "District courts have 'broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16.'" Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012) (quoting Avila v. Willits Envtl. Remediation Trust, 633 F.3d 828, 833 (9th Cir. 2011)).

**DEFENDANT'S MOTION TO COMPEL**

Defendant County of Sacramento has moved to compel plaintiff's responses to defendant's Interrogatories, Set One, and defendant's Requests for Production of Documents, Set One. According to defense counsel, the defendant served plaintiff with these discovery requests on September 30, 2015, making plaintiff's responses due by November 13, 2015. Plaintiff has not responded to any of the discovery requests. Defense counsel notes that on December 2, 2015, defense counsel made a good-faith effort to confer with plaintiff in writing and obtain his responses to no avail. (Def.'s Mot. to Compel at 1-3, Debow Decl. Exs. A & B.)

1   In opposition to the pending motion to compel, plaintiff contends that he had not received
2   defendant's interrogatories or requests for production of documents until the defendant filed the
3   pending motion to compel on December 17, 2015.  Plaintiff requests an additional forty-five (45)
4   to sixty (60) days to respond to defendant's discovery requests.  (Pl.'s Opp'n to Def.'s Mot. to
5   Compel at 1.)

6   Under the circumstances of this case, the court grants defendant's motion to compel.  In
7   addition, if plaintiff has not already responded to defendant's discovery requests, the court will
8   grant him a reasonable extension of time to respond to defendant's interrogatories and requests
9   for production of documents.  Plaintiff is advised that with respect to defendant's interrogatories,
10  plaintiff must answer each interrogatory "separately and fully in writing under oath."  Fed. R.
11  Civ. P. 33(b)(3).  With respect to defendant's request for production of documents, if plaintiff has
12  any relevant documents or materials in his possession or control, he must produce them in
13  response to defendant's discovery requests.  If plaintiff is not in possession or control of relevant
14  materials, he must state under oath that the requested documents do not exist or are not in his
15  possession or control.  See Fed. R. Civ. P. 34(a)(1).  Plaintiff is cautioned that "[t]he discovery
16  process is subject to the overriding limitation of good faith obligation."  Asea v. Southern Pacific
17  Transportation Co., 669 F.2d 1242, 1247 (9th Cir. 1981).

## PLAINTIFF'S MOTION TO COMPEL

19  The court now turns to plaintiff's motion to compel.  Plaintiff has moved to compel
20  defendant County of Sacramento to provide a further response to his Interrogatory No. 4.
21  According to plaintiff, he served the defendant with interrogatories on September 30, 2015,
22  making the defendant's responses due by November 13, 2015.  The parties do not dispute that the
23  defendant timely served plaintiff with responses to the interrogatories.  Plaintiff, however, was
24  dissatisfied with defendant's response to Interrogatory Number 4 and made a good-faith effort to
25  confer with the defendant in writing.  Although the defendant served plaintiff with a supplemental
26  response to Interrogatory Number 4, plaintiff believes defendant's response is still not adequate
27  and moves to compel a further response.  (Pl.'s Mot. to Compel at 2-3.)
28  /////

In opposition to the pending motion to compel, defense counsel contends that the court should deny plaintiff's motion to compel because it is untimely.  Moreover, counsel contends that the court should not compel the defendant to provide a further response to plaintiff's Interrogatory No. 4 because it is made up of at least four discrete interrogatories, and it is not clear which subpart plaintiff refers to his motion to compel.  In addition, plaintiff's request for names, addresses, booking photographs for anyone held in defendant's custody in any capacity in the Sacramento County Main Jail or any of defendant's other facilities where inmates are held in any capacity is overbroad and would be so burdensome as to constitute harassment.  (Def.'s Opp'n to Pl.'s Mot. to Compel at 2-6.)

As an initial matter, plaintiff's Interrogatory No. 4 states:

> State the name, ADDRESS at the time of booking into DEFENDANT'S custody, any available forwarding ADDRESS(es), IDENTIFICATION NUMBER, booking photograph(s) of all PERSONS in DEFENDANT'S custody in any capacity at its Sacramento County Main Jail Facility or any other of DEFENDANT'S facilities where inmates are held in any capacity during INCIDENT.
>
> State the name, ADDRESS(es), and relationship to any inmate above, any PERSON who witnessed the INCIDENT or the events occurring immediately before or after the INCIDENT; any PERSON who made any statement at the scene of the INCIDENT; any PERSON who heard any statements made about the INCIDENT by any individual at the scene; and who YOU or ANYONE ACTING ON YOUR BEHALF claim has knowledge of the INCIDENT (except for expert witnesses covered by Code of Civil Procedure section 2034).
>
> Have YOU or ANYONE ACTING ON YOUR BEHALF interviewed any individual concerning the INCIDENT?  If so, for each individual state:
>
> (a) The name, ADDRESS, and telephone number of the individual interviewed;
>
> (b) The date of the interview; and
>
> (c) The name, ADDRESS, and telephone number of the PERSON who conducted the interview.
>
> Have YOU or ANYONE ACTING ON YOUR BEHALF obtained a written or recorded statement from any individual concerning the INCIDENT? If so, for each statement state:
>
> (a) The name, ADDRESS, and telephone number of the individual

          from whom the statement was obtained;

          (b) The name, ADDRESS, and telephone number of the individual who obtained the statement;

          (c) The date the statement was obtained; and

          (d) The name, ADDRESS, and telephone number of each PERSON who has the statement or a copy.

(Defs. Opp'n to Pl.'s Mot. to Compel, Debow Decl. Ex. A.)

      Defendant County of Sacramento objected to Interrogatory No. 4 on the grounds that it is overbroad, violates third parties' right to privacy, and is not reasonably calculated to lead to the discovery of admissible evidence because plaintiff is not permitted to make claims on behalf of other inmates or persons who had been detained at the jail. Without waiving these objections and others, in response to plaintiff's inquiry about identification of witnesses, the defendant provided plaintiff with the names and badge numbers of two lieutenants and three deputies who could be contacted via defense counsel. In response to plaintiff's inquiry about individuals interviewed and whether any statements were taken from witnesses, defendant informed plaintiff that no individuals had been interviewed. (Defs. Opp'n to Pl.'s Mot. to Compel, Debow Decl. Ex. A.)

      Under the circumstances of this case, the court denies plaintiff's motion to compel. First, as defense counsel argues, plaintiff's motion is untimely. According to this court's discovery and scheduling order, the parties needed to file any motion to compel on or before December 11, 2015. (ECF No. 33) Plaintiff signed his motion to compel on January 4, 2016, and the court did not receive his motion for filing until January 8, 2016. Moreover, even if the court excused plaintiff's failure to file his motion to compel on time, plaintiff's Interrogatory Number 4 is grossly overbroad, and the "burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b). Plaintiff has not satisfactorily explained how or why the information he seeks is relevant to his sole claim for municipal liability based on the defendant's alleged change to the incoming inmate mail policy. As this court previously advised plaintiff, he may not assert legal rights on behalf of third parties, including other inmates. (ECF No. 32 at 3.) Accordingly, for all of the foregoing reasons, the court will not require the defendant to provide any further response to plaintiff's Interrogatory No. 4.

**CONCLUSION**

In accordance with the above, IT IS HEREBY ORDERED that:

1. Defendant's motion to compel (ECF No. 39) is granted;

2. Within thirty days of the date of this order, plaintiff shall respond to defendant's Interrogatories, Set One, and defendant's Request for Production of Documents, Set One if he has not done so already; and

3. Plaintiff's motion to compel (ECF No. 42) is denied.

Dated: April 6, 2016

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

dear2064.mtc

6